

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. C. Wilson
County Auditor
Gray County
Pampa, Texas

Dear Sir:

Opinion No. 0-4321
Re: Under the terms of the note
described, can the payor make
a payment at any time and stop the
accruing of interest from that
date?
Is there any regulation which
would prevent the return of
unearned interest which has
been deposited in the County
Available School Fund?

Your letter requesting the opinion of this department on the questions stated above reads as follows:

"Gray County sold its school land and took
in payment therefor, a promisory note which re-
cites that the payor had 'the privilege of pay-
ing at any time after twenty years from date- - -
with interest thereon from date until paid at
the rate of six percent per annum, interest pay-
able annually in advance as it accrues for value
received.'

"August 1, 1940, the payor of the note paid
the interest for one year in advance. On May 3,
1941, the maker of the note paid the entire prin-
cipal of the indebtedness and has requested a re-
fund of unearned interest from May 3 to August 1,
which had been paid in advance. The money has
been placed in the County Available School Fund.

"I assume that, under the terms of the note
above quoted, the payor can make payment at any
time and stop the accruing of interest from that
date. Will you advise me whether I am correct
in this assumption and whether there is any regu-

Honorable R. C. Wilson, page 2

lation which would prevent the return of unearned
interest which has been deposited in the County
Available School Fund."

A county is vested with the title to lands which
have been granted to if for educational purposes. (Consti-
tution, Article VII, Section 6)  It may sell or dispose of
them in whole or in part, in the manner to be provided by
the Commissioners' Court.  (Constitution, Article VII, Sec-
tion 6; Article 2824, Vernon's Annotated Civil Statutes)

From the facts stated in your letter, we assume
that twenty years have expired from and since the date of
the contract involved. According to the terms of the contract,
the interest was payable annually in advance.  When the in-
terest was paid in advance, it was paid in compliance with
the contract.  On August 1, 1940, the maker of the note
above mentioned paid the interest for one year in advance.
On May 3, 1941, the maker of said note paid the entire prin-
cipal of the note. We do not think that this would change
or alter the provisions of the contract which provided that
the interest was to be paid annually in advance.  Therefore,
it is our opinion that there is no authority authorizing the
refund or return of any portion of the interest to the party
paying the same when paid in compliance with the contract.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:GO

APPROVED MAR 4, 1942
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB
CHAIRMAN